## HARTLAGE v. LOUISVILLE AND NORTHERN RAILWAY AND LIGHTING COMPANY.

[No. 22,518. Filed December 19, 1913.]

1. APPEAL.—*Transcript.*—*Precipe.*—Although, where a party chooses to direct specifically what papers and entries shall be included in the transcript on appeal, the omission from the precipe of papers or entries essential to a consideration of any question renders the appeal so far unavailing, where there is a general precipe followed by special directions as to certain papers and entries, the latter will be controlled by the general precipe, unless in conflict therewith, so that the failure to include the judgment or other entry in such special directions will not affect the appeal. p. 667.

2. NEGLIGENCE.— *Last Clear Chance Doctrine.— Applicability of Doctrine.*—The doctrine of last clear chance is applicable only where it appears that there has been an antecedent lack of due care on the part of plaintiff and the failure on the part of defendant to take advantage of a later opportunity to avoid the injury. p. 668.

3. RAILROADS.—*Interurban.—Duty of Motorman.*—There is a general duty resting on the motorman of an interurban car at all times to use such care in the operation of his car as is commensurate with the danger incident thereto in order to prevent injury to such persons or property as it is likely to come in contact with. p. 669.

4. APPEAL.—*Review.—Evidence.—Peremptory Instructions.*—Where the evidence was conflicting and of such character that plaintiff's right of recovery could not be determined therefrom as a matter of law, it was error to direct a verdict for defendant. p. 669.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by George Hartlage against the Louisville and Northern Railway and Lighting Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*James W. Fortune,* for appellant.

*George H. Voigt,* for appellee.

SPENCER, J.—Action by appellant to recover damages for personal injuries alleged to have been sustained in a colli-

sion between a team driven by appellant and an interurban car owned and operated by appellee. At the close of appellant's evidence appellee moved that the jury be instructed to return a verdict in its favor, which motion was sustained and a verdict returned accordingly. Appellant's motion for a new trial was overruled and this appeal taken.

Appellee contends that no question is presented for our determination for the reason that, although the transcript contains what purports to be a copy of the final judgment rendered in the case, the same is not properly a part of the record. Appellant's precipe begins with these words, omitting the caption and address: "You are hereby requested and directed to prepare and certify for appeal a transcript of the pleadings, papers, records, entries and proceedings in the above entitled cause, as follows:" There is then appended a list, in detail, of the papers, entries and proceedings desired. This list does not include the final judgment.

It is true, as is stated in *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 51, 73 N. E. 917, that when a party chooses to direct specifically "what papers and entries shall

1. be transcribed and certified for appeal, the fault is his if he fails to secure such a transcript as will fully and clearly present all the questions which he desires the court to review and decide. It follows that if, in his precipe, he omits papers or entries essential to a consideration of any question, his appeal will be so far unavailing." But this rule is applicable only when the special precipe stands alone. In this case, it will be observed, there is a general precipe, followed by special directions as to certain papers and entries. Under such circumstances, unless the special directions are in conflict with the general precipe, the latter controls and the office of the special precipe is merely to keep the clerk from omitting parts of the record which appellant deems important. The general precipe in this case is broad enough to include the final judgment

and such entry is properly a part of the record. This conclusion serves also to dispose of appellee's objection that the record does not contain properly a copy of the order book entry showing that time was given for the filing of a general bill of exceptions.

Appellant's first assignment of error is that the court erred in sustaining appellee's motion to strike out part of the amended complaint. It appears from that pleading, in substance, that appellee's right of way and interurban track are adjacent to appellant's farm; that said right of way is also adjacent to and runs parallel with a certain public highway and is between said highway and said farm; that appellee "purchased its right of way upon which was constructed its said track, and on which it operated its said interurban cars * * * from this plaintiff (appellant) and had made on and over said right of way and track, a crossing for plaintiff and all other persons wishing ingress and egress thereon to and from plaintiff's farm"; that at the time of the injury complained of appellant was driving over said crossing in a farm wagon when run into and injured by one of appellee's cars. The complaint then proceeds with the usual averments showing lack of negligence on the part of appellant and charges that "said defendant's motorman, servant and employe, in charge of said defendant's car, *could have, in the exercise of ordinary care and diligence,* and did, see plaintiff's horses and wagon approaching and on said track and crossing," etc. The words which we have italized were stricken from the complaint on motion by appellee and appellant now urges error in such ruling, the contention being that, under the doctrine of "last clear chance," it is not necessary to prove that appellee's motorman actually saw appellant in time to have prevented the accident, but that in the exercise of ordinary care, he could have

2. so seen him. We need not determine the correctness of this contention for the reason that the doctrine of "last clear chance" is applicable only where it

appears that there has been an antecedent lack of due care on the part of plaintiff and the failure on the part of defendant to take advantage of a later opportunity to avoid the injury. In brief, it must appear that plaintiff was negligent but that such negligence was not the proximate cause of the accident. *Wabash R. Co.* v. *Tippecanoe, etc., Trust Co.* (1912), 178 Ind. 113, 98 N. E. 64, 38 L. R. A. (N. S.) 1167; *Indianapolis Trac., etc., Co.* v. *Croly* (1913), 54 Ind. App. —, 96 N. E. 973, 98 N. E. 1091.

The complaint before us negatives all negligence on the part of appellant and the doctrine of "last clear chance," which is applicable only to the violation of a special duty owed to plaintiff, does not apply. But, however, there

3. is a general duty resting on the motorman of every interurban car to use at all times such care in the operation of his car as is commensurate with the danger incident thereto in order to prevent injury to such persons or property as it is likely to come in contact with. In this case it is alleged that appellee constructed the crossing at which the injury occurred for the use of appellant and others who desired access to appellant's farm. It thus had actual knowledge of the existence of such crossing and of its use, and under such circumstances it was charged with the general duty of keeping a lookout for persons passing over the same. Appellee's motion to strike out the parts of the complaint above indicated should have been overruled.

The remaining assignments of error challenge the court's action in giving to the jury at the close of appellant's evidence peremptory instruction to return a verdict

4. in favor of appellee. It is not necessary to set out herein even a summary of this evidence, it being sufficient to say that it is conflicting and that the trial court was not justified in holding, as a matter of law, that appellant could not recover. The fact of appellee's negligence and of appellant's contributory negligence, if any, were questions

which should have been submitted to the jury, under proper instructions, and the peremptory instruction refused.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, with leave to amend the pleadings, if desired, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 737. See, also, under (1) 3 Cyc. 93, 95; (2) 29 Cyc. 530; (3) 36 Cyc. 1513; (4) 38 Cyc. 1536, 1567.

On the doctrine of last clear chance as affected by question whether negligence of plaintiff or deceased and of defendant was concurrent, see 7 L. R. A. (N. S.) 132; 7 L. R. A. (N. S.) 152; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; 27 L. R. A. (N. S.) 379. As to the exercise of due care by plaintiff after defendant's negligence, see 33 L. R. A. (N. S.) 1211.