THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* PENCE.

[No. 22,815.    Filed June 20, 1916.    Rehearing denied November 10, 1916.]

1. RAILROADS.—*Operation.—Care at Crossings.*—It is the duty of railroad companies in the operation of their roads to use ordinary care to avoid injury to persons or property at highway crossings. p. 501.

2. RAILROADS.—*Crossing Accidents.—Injury to Property.—Complaint.—Sufficiency.*—In an action for damages to a traction engine and a clover huller caused by a collision with a railroad train on a highway crossing, allegations in the complaint that plaintiff's property was on the tracks and could not be removed before the arrival of the train, that the engine crew, in the exercise of ordinary care could have seen the engine and huller in time to stop the train before reaching the crossing but negligently failed to do so or to slacken its speed, although plaintiff attempted to warn the engine crew of the danger by swinging a lighted lantern across the track at a point forty rods distant from the crossing, but such warning was disregarded and that defendant knew, or should have known, in the exercise of ordinary care, that plaintiff's property was on the track, are sufficient averments, aided by fair inference, to charge the defendant with actionable neglect of a particular duty to plaintiff.    p. 501.

3.. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Last Clear Chance.*—In an action for damages to a traction engine struck by a railroad train upon a highway crossing, there could be a recovery even though the complaint shows that plaintiff was negligent in getting the engine on the railroad track, where the complaint alleges sufficient facts to warrant the application of the doctrine of last clear chance.    p. 502.

4. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Care at Crossings.*—In an action for damages to a traction engine caused by a collision with defendant's train on a highway crossing, even though plaintiff was negligent in getting his engine on the railroad track, where it could have been seen by defendant's servants in time to have stopped the train, and plaintiff gave warning of the danger by swinging a lighted lantern across the track at a point forty rods distant from the crossing, which warning was dis-

regarded, a subsequent duty devolved upon defendant to exercise ordinary care to avoid injury to the property, and it was liable if it failed to do so.    p. 502.

5.   RAILROADS.—*Operation.—Care Required.—Crossing Accidents.— Contributory Negligence.—Last Clear Chance.*—It is the duty of those operating locomotives to exercise ordinary care in looking ahead to discover persons or objects on the tracks or highway crossings, and to exercise like care to avoid accidents, and, to that end, to use ordinary care in apprehending and acting on danger signals, and a lack of such care, proximately causing injury, may entitle the injured party to relief, regardless of his antecedent negligence, and regardless of the lack of actual knowledge of the peril by the party causing the injury.    p. 502.

6.   APPEAL.—*Sufficiency of Evidence.—Scope of Review.*—In determining the sufficiency of the evidence to sustain the verdict, the court on appeal will consider only the evidence most favorable to appellee.    p. 503.

7.   RAILROADS.—*Crossing Accident.—Sufficiency of Evidence.*—In an action for damages to a traction engine and clover huller incurred in a railroad crossing accident, where there was evidence to show that when plaintiff drove his engine upon the crossing the wheels skidded on the rails and turned the engine down the railroad track, whereupon plaintiff unsuccessfully attempted to get the engine back upon the crossing by its own power and by the aid of a team of horses and that while he was so engaged, he observed defendant's train approaching the crossing; that plaintiff sought to warn the locomotive crew of the danger by waving a lighted lantern across the track at a point forty rods from the crossing, within which distance the train could have been stopped in time to avoid the collision, and that he also shouted a warning as the engine passed by, which was heard by the engineer, but the speed of the train was not materially slackened before the collision; that the headlight of the locomotive lighted the track 300 feet ahead and that the engineer saw the lantern light more than a mile from the crossing but disregarded the same, such evidence is sufficient to sustain a general verdict for the plaintiff even though he was negligent in getting his property in a perilous position, since the jury was warranted in finding that defendant's subsequent negligence in disregarding the warnings given in time was the proximate cause of the injury and that the antecedent negligence of the plaintiff did not contribute thereto.    pp. 503, 504.

8.   TRIAL.—*Province of Jury.—Credibility of Witness.*—In an action for damages to property incurred in a railroad crossing accident, it was for the jury to determine the credibility of defendant engineer's explanation that he disregarded a warning light because he mistook such light for one at a flag station some distance beyond the scene of the accident, or, if such explanation was fully credited, to find that the engineer was negligent in mistaking the location of the warning signal.    p. 504.

9. TRIAL.—*Instructions.*—*Province of Jury.*—Regardless of defendant's fireman's opinion that a train crew is not required to stop or pay any attention to ordinary white lights on the railroad track, it was for the jury to determine, under the evidence, whether such crew was negligent in failing to regard a white light intended as a warning of danger, and an instruction that they need not heed such light was properly refused as invading the province of the jury. p. 504.

From Howard Circuit Court; *William C. Purdum*, Judge.

Action by David S. Pence against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*G. E. Ross*, for appellant.
*Blacklidge, Wolf & Barnes* and *Condo & Browne*, for appellee.

MORRIS, J.—This was an action by appellee for damages for injuries to his traction engine and clover huller that were struck by appellant's passenger train at a public highway crossing. Appellant filed a cross-complaint against appellee for injury to its train by the same accident. Appellant's demurrer to the complaint was overruled. There was a trial by jury, with verdict and judgment for appellee on the complaint and cross-complaint. Error is assigned here on the ruling on demurrer, and on the overruling of appellant's motion for a new trial.

The complaint alleges that a public highway, known as the Taylor Creek gravel road, runs north and south in Grant county; that appellant's railroad at said place runs in a northwesterly and southeasterly direction and crosses the highway at

an angle of forty-five degrees; that at the inter-section appellant maintained a crossing consisting of planks sixteen feet long, laid parallel with the rails and below the level of the tops thereof; that the crossing was elevated three feet above the level of the highway, with sloping approaches only ten feet wide, commencing about twelve feet from the track; that at and prior to the time of the accident—October 28, 1911—appellant was running a regular passenger train daily from Muncie to Converse on a schedule that required the train to pass the crossing at 6:10 p. m.; that the train, on the day of the acci-dent, reached the crossing at said time. The com-plaint then proceeds as follows: "That about 5:30 o'clock p. m. of said date, the plaintiff was driving his said traction engine with said clover huller attached on said gravel road and was going south towards said crossing. That he then drove his said traction engine up said steep grade and onto said railroad track but that when the wheels of said engine struck the rails of said track, said wheels skidded and started said engine southeasterly down said track instead of following directly across the traveled portion of said crossing. That plaintiff stopped said engine, tried to back the same up and turn it onto the traveled portion of said crossing so as to cross said railroad but, owing to the narrow-ness of said approach to said crossing and the narrowness of the traveled portion of said crossing and said highway on the right of way of the de-fendant, it was impossible for the plaintiff to move said engine back from said railroad track without backing and running the same off of said traveled highway approach to said track and into a deep gutter on the west side thereof and thereby ruining said engine and the clover huller thereto attached. That plaintiff then hitched or was about to hitch

a team of horses to the rear of said clover huller, attempting thereby to pull said engine off of 'said track, but no sooner had he done so than he saw defendant's train then due at said crossing approaching the same from the southeast within the distance of from one to two miles therefrom. That, from the point plaintiff first observed said train until it reached said crossing, said train was moving at the rate of about thirty miles per hour. That it was then impossible for plaintiff to pull said engine and clover huller off of said track before said train would have reached said crossing and it was impossible for plaintiff to extricate his said property from said position of danger before said train would have reached said crossing and would have run upon and against the same and have caused the injury hereinafter mentioned and averred; that it was dark at said time and the headlight on defendant's engine which pulled said train was lighted and plaintiff immediately lighted his lantern and ran down said track toward said train for the distance of about forty rods and flagged said train by swinging said lighted lantern across said track repeatedly until said train reached the place where the plaintiff was standing.

"Plaintiff says further that the engine of said train was in charge of an engineer and fireman employed by defendant; that the track from the point where said train first appeared to plaintiff's view to said crossing was straight, almost level, and the defendant's view to said crossing was unobstructed and that plaintiff was standing in front of said train as it approached at the time he flagged it and tried to cause said train to come to a stop before reaching said crossing. But plaintiff says that the said fireman and engineer on said train negligently, recklessly and carelessly disregarded,

overlooked, and paid no attention to plaintiff in his efforts to flag and stop said train or to the said warning given by the plaintiff to stop said train before it reached said crossing and that the said defendant, at said time, knew or by the exercise of ordinary care ought to have known that plaintiff's said property was on said crossing in said dangerous and perilous situation; and that defendant negligently, recklessly and carelessly ran said train without checking its speed down to and upon said crossing and against and upon said traction engine and did negligently, recklessly and carelessly mash, crush, tear to pieces, destroy, and throw said traction engine off of the said railroad track and onto the right of way adjoining to the distance of several feet and did so injure and destroy said traction engine that the same is not now, and has not been, since it was so struck, of any value whatever. That when said collision occurred, said clover huller, which was connected with said traction engine, was jerked, upset, mashed, broken, destroyed and rendered of no value whatsoever and that all of said injury to said traction engine and clover huller was proximately caused by the said reckless, careless and negligent acts of the defendant and its said servants and not otherwise.

"That the defendant had two or three minutes in which to observe plaintiff's property in said position but paid no heed for the safety of said property and carelessly, negligently and recklessly ran into the same as aforesaid. That the headlight on defendant's engine at said time was lighted and the position and condition of plaintiff's said property was visible and apparent to the defendant and its servants in time to stop said train before reaching said crossing and that defendant, by the exercise of ordinary care, could have stopped said train

before reaching said crossing; whereby, and because of the aforesaid negligence of the defendant and its servants, this plaintiff has suffered damages in the sum of twenty-five hundred dollars.

"That the plaintiff was at all times heretofore alleged free from negligence and that the said injuries and damages to plaintiff's property occurred without any fault or negligence upon the part of the plaintiff.

"Wherefore, plaintiff prays judgment against the defendant for damages in the sum of twenty-five hundred dollars and for all other proper relief."

The sufficiency of the complaint is vigorously assailed by appellant. Appellee contends that it is sufficient to repel a demurrer when considered on the theory of the pleader as invoking the application of the last clear chance doctrine; that if subject to criticism for failure to make direct averments of some facts, it is nevertheless good if resort be had to fair inference. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99. In its demurrer memorandum, appellant states that the complaint alleges no specific duty of appellant to appellee, or violation thereof.

1. It is the duty of railroad companies in the operation of their roads to use ordinary care to avoid injury to any person or property at a highway crossing. The complaint alleges

2. that the property was on the track, and could not be removed by appellee before the train's arrival; that appellant's servants in control of the same, in the exercise of ordinary care, could have seen, by the light of the headlight, the position and condition of the engine and huller for two or three minutes before the collision, and in time to have stopped the train, before reaching the crossing, but negligently failed to stop it or slacken its speed;

that appellee, forty rods from the crossing, warned appellant's servants of the danger by repeatedly swinging a lighted lantern across the track; that the warning was disregarded, though at said time appellant knew, or ought to have known, in the exercise of ordinary care, that appellee's property was on the crossing in a perilous situation. While the complaint is not commended as a model of pleading, we are of the opinion that its direct averments, aided by fair inference, sufficiently charge appellant with actionable neglect of a particular duty to appellee..

It is insisted that the complaint affirmatively shows appellee's contributory negligence. Assuming that the complaint does show negligence of appellee in the first instance, in getting his engine in the perilous situation, appellee may recover notwithstanding, if the complaint alleges sufficient facts to warrant the application of the last clear chance doctrine; and we are of the opinion that the facts averred are such as to justify the invocation of such principle. Even if the appellee was negligent in getting his engine fast on the track, there was, under the allegations here, a subsequent duty devolving on appellant to exercise ordinary care to avoid injury to the property. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 411, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942, and authorities cited; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091. It is the duty of those running a locomotive engine to exercise ordinary care in looking ahead to discover persons or objects on the tracks at highway crossings, and to exercise like care to avoid accidents, and, to that end, to use ordinary care in apprehending and acting on danger signals.

A lack of such care, proximately causing injury, may entitle the injured party to relief regardless of his antecedent negligence, and regardless of the lack of actual knowledge of the peril by the party causing the injury. *Indianapolis Traction, etc., Co. v. Croly, supra*, p. 583.

It is contended that the evidence is insufficient to support the verdict. On such claim a court of review considers only the evidence most favorable to appellee. So considered, the jury was warranted in finding that the train consisted of a locomotive, tender, combination baggage and passenger coach, and that it was running thirty-five miles per hour; that appellee's barn, where there were harnessed horses, was near the crossing; that appellee vainly attempted to get his engine off the track by its own power, and, discovering the impossibility of the task, sent his wife down the track, in the direction of the approaching train, waiving a lighted lantern, while he procured a team of horses from the barn and hitched them to the huller attached to the engine in an attempt to thereby pull the engine and huller off the track; that thereupon he saw the headlight of the approaching train, and ran down the track about twenty rods, grabbed the lighted lantern from his wife's hand, and ran ahead twenty rods further waving the lighted lantern to and fro across the track; that when he reached a point forty rods from the crossing the approaching train was so close he was obliged to step aside but as the locomotive passed him he shouted a warning of danger to the engineer and the latter heard it; that the train could have been stopped in a distance of forty rods; that its speed was not materially slackened before its impact with the engine and huller; that the engine and huller were damaged in

an amount as great as that of the verdict; that the engineer saw the waving-lantern light on the track while the train was more than a mile from the crossing and that the headlight on the engine threw light on the track sufficient to enable the engineer to discern a man three hundred feet in front of the locomotive. There was evidence that warranted the jury in finding that after appellee's negligence, relating to the position of peril in which his property was placed, had ceased, appellant was guilty of negligence which proximately caused the injury; and that appellee was guiltless of negligence proximately contributing thereto. Appellant sought to explain the disregard of the lantern warning by the evidence of the engineer who testified that he saw the lantern light on the track but thought it was a light at Rich's flag station a half mile northwest of the crossing. It was for the jury to determine what credit should be given the engineer's explanation, or, if fully credited, to find that, nevertheless, the engineer was negligent in mistaking the location of the warning signal. Moreover, it was warranted in finding that, even if the lantern gave no light, the engineer, when fifty-eight rods from the crossing, saw appellee waving something across the track as a signal of danger, and that after such discovery the train could have been stopped before it reached the crossing. There was sufficient evidence to support the verdict.

Error is claimed on the court's refusal to give appellant's requested instruction No. 15, reading as follows: "The law imposed no duty upon the defendant's servants and employes in charge of and operating its passenger train to stop such train or even to slacken the speed of such train merely upon seeing an ordinary white light on the track; neither does it require, as suggested

in a question propounded by counsel for plaintiff to the witness Harper, the fireman on said train, that they investigate every light seen upon the track. I repeat to you that the law makes no such exaction." Appellant's fireman, Harper, testified on cross-examination that "they are not required to stop or pay attention to ordinary white lights on the railroad track." There was no error in the refusal. The requested instruction clearly invaded the province of the jury. Regardless of the fireman's opinion, it was for the jury to determine, under the evidence, whether there was negligence in disregarding a warning light, whether white or red.

Error is predicated on the court's refusal to give instructions numbered 1, 13, 16, and 18, requested by appellant. Without setting them out, it is sufficient to say that when each of them is considered with reference to instructions given there was no reversible error in the court's action. It is contended that each of a number of instructions given by the court was erroneous. We have examined them and are of the opinion that there was no harmful error. Judgment affirmed.

Note.—Reported in 113 N. E. 7. Duty of a railroad company as to persons or property on or near track, 20 Am. St. 452. Origin, function and mode of operation of the doctrine of last clear chance, note, 55 L. R. A. 418. See under (2-4) 33 Cyc 1047.