CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY
COMPANY *v.* DOWNEY ET AL.

[No. 15,062.  Filed January 20, 1937.  Rehearing denied
June 16, 1937.  Transfer denied September 23, 1937.]

*Cope Judson Hanley,* for appellant.

*Tinkham & Tinkham,* for appellees.

LAYMON, J.—This is an action by appellant against appellees to recover property damage alleged to have been sustained by reason of one of appellant's trains being derailed in a collision with a trailer being operated by appellees along a highway, which trailer had become stalled upon crossing of appellant's railway tracks and a highway designated as State Highway detour No. 41. The cause was submitted to the court for trial, with the intervention of a jury, upon appellant's first paragraph of complaint and appellees' answer in general denial, resulting in a verdict and judgment in favor of

appellees and against the appellant. A motion for a new trial was filed, which motion was overruled, and the appellant now prosecutes this appeal, assigning as error the overruling of the motion for a new trial, which motion recites: (1) that the verdict of the jury is not sustained by sufficient evidence; (2) that the verdict of the jury is contrary to law; (3) that the court erred in the submission of the adjoining counties upon granting a change of venue; (4) that the court erred in the rejection and admission of certain evidence; and (5) that the court erred in giving and refusing to give certain instructions.

The appellant complains of the rejection of certain offered testimony of S. L. Johnson, a witness for appellant, wherein appellant sought to prove the volume of traffic using the crossing before the highway was made into a state detour (at least three months before the accident in question) upon the theory that the increase of traffic, due to the highway being used as a state detour, required a different kind of crossing and the kind of a crossing which appellant was not required under the law to maintain. There was no error in the rejection of this testimony, inasmuch as this evidence was immaterial for the reason that the standard by which the duty of the appellant company in maintaining its crossing is measured, is based upon the use being made of the highway at the time of the accident. Furthermore, the exclusion of this evidence was harmless, inasmuch as it was shown that appellant had ample time and opportunity to construct a crossing to meet the requirements of the increase in traffic.

Appellant complains of error of the court in permitting appellees' witness Eder to testify to a conversation had with a Mr. McCullen without showing that Mr. McCullen was an employee of appellant or had any authority to bind the appellant com-

pany. It appears from the evidence of the witness Bergerner that Mr. McCullen was connected with the Monon Railroad (appellant company) in 1928; that he was roadmaster over that part of the railroad including the crossing in question, and that the witness knew these facts as he had worked with McCullen as roadmaster. This evidence was sufficient to establish the competency of the conversation, and there was no error in its admission.

The appellant particularly relies upon the error of the court in the giving of instruction No. 3 on the court's own motion, each of the instructions Nos. 18, 20, 27, and 31 tendered by appellees, and the refusal to give each of the instructions Nos. 17 and 18 tendered by appellant. All of these instructions presented the question of whether there was any duty upon appellant to maintain the crossing and the approaches thereto in question, when the highway had been designated as a state detour by the state highway commission of Indiana. The appellant concedes that it was its duty to maintain the crossing and the approaches thereto prior to the enactment of section 8312.6 Burns Supp. 1929, Acts 1927, ch. 32, p. 87, but contends that said act of 1927 (§8312.6 Burns Supp. 1929) repealed by implication section 8697 Burns 1926, Acts 1905, §35, ch. 167, p. 521, also section 12947 Burns 1926, Acts 1852, §22, ch. 83, p. 409, and also section 12931 Burns 1926, Acts 1852, clause 5 of §13, ch. 83, p. 409, and that said section 8312.6 Burns Supp. 1929, imposes upon the state highway commission the duty to maintain the railway crossing and the approaches thereto intersecting highways used as state detours.

Section 8312.6 Burns Supp. 1929, Acts 1927, ch. 32, p. 87, §36-142 Burns 1933, §8690 Baldwin's 1934, including the title, reads:

(Title) "An act requiring the state highway commission to keep county and township highways used as detours in a safe and adequate condition to accommodate the traffic using such detours, and to place such highways in as good condition when discontinued as detours as when they were designated, providing for the establishment of run-arounds, and providing the manner of paying the expenses incurred in carrying out the provisions of this act."

(Section 8312.6) "Whenever it shall become and be necessary for the state highway commission to designate and use any county or township highway as a detour, while any state highway, or any part thereof, or any state highway bridge thereon, is closed to the public as a thoroughfare, while under construction, or while being repaired, or when closed for any other reason, it shall be the duty of the state highway commission to keep such highway so used as a detour in a reasonable state of repair at all times while such highway is being used as a detour, and when the state highway which was temporarily closed shall be reopened to traffic, as a public thoroughfare, the state highway commission shall place such county or township highway so used as a detour in as good a condition as such highway was in when designated as a detour highway by the state highway commission. In all cases where practicable or expedient, the state highway commission shall establish run arounds, instead of detours, and for that purpose may install temporary structures or other facilities to render such run arounds usable by persons traveling over such highway. Any expenses which may be incurred by the state highway commission in carrying out the provisions of this act shall be paid out of the construction fund or the maintenance fund of the state highway commission or out of any other fund which may be provided by law for the purpose of maintaining detours."

Section 8697 Burns 1926, Acts 1905, §35, ch. 167, p. 521, §36-1701 Burns 1933, §8783 Baldwin's 1934, including the title reads:

(Title) "An Act Concerning Highways."
(Section 8697) "Every steam or electric railroad

company shall have the right to construct its railroad across any stream, water-course, road, highway, railroad or canal which the route of its road shall intersect, in such manner as not to interfere with the free use of the same, and so as to afford security for life and property; but such railroad corporation shall restore and maintain the stream or water-course, road, highway or canal thus intersected to and in its former state, or in a sufficient manner not unnecessarily to impair its usefulness or injure its franchises. Whenever the track of such railroad shall cross a road or highway, such crossing may be at grade or such road or highway may be carried under or over the track, as may be most expedient; and, in cases where an embankment or cutting shall make a change in the line of such road or highway desirable, with a view to a more easy ascent or descent, the said railroad corporation may take such additional lands for the construction of such road or highway, or such new line as may be deemed requisite. Unless the lands so taken shall be purchased or voluntarily given for the purposes aforesaid, compensation therefor shall be ascertained in the manner provided by law, and duly made by such corporation to the owners and persons interested in such lands; and the same, when so taken and compensation made, shall become a part of such intersecting road or highway, in such manner and on such terms as the adjacent parts of such highway may be held for highway purposes."

Section 12947 Burns 1926, Acts 1852, §22, ch. 83, p. 409, §55-617 Burns 1933, §14116 Baldwin's 1934, including the title, reads:

(Title) "An act to provide for the incorporation of Railroad Companies."

(Section 12947) "Whenever the track of such railroad shall cross a road or highway, such road or highway may be carried under or over the track, as may be most expedient; and in cases where an embankment or cutting shall make a change in the line of such road or highway desirable, with a view to a more easy ascent or descent, the said company may take such additional lands for the construction

of such road or highway, or such new line, as may be deemed requisite by said directors. Unless the lands so taken shall be purchased or voluntarily given for the purposes aforesaid, compensation therefor shall be ascertained, in the manner in this act provided, as nearly as may be, and duly made by such corporation to the owners and persons interested in such lands; and the same, when so taken and compensation made, shall become part of such intersecting road or highway, in such manner and by such terms as the adjacent parts of such highway may be held for highway purposes."

Section 12931 Burns 1926, Acts 1852, clause 5 of §13, ch. 83, p. 409, §55-601 Burns 1933, §14099 Baldwin's 1934, including the title, reads:

(Title) "An Act to provide for the incorporation of Railroad Companies."
(Section 12931) "To construct its road upon or across any stream of water, water-course, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or water-course, road or highway thus intersected to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

We feel that it is unnecessary to set out the rules of construction of statutes. The court must ascertain the intent of the legislature to the end that all of the statutes on the same subject may be construed together, so as to produce a harmonious system if possible. In the case of *Johnson* v. *City of Indianapolis*, (1910), 174 Ind. 691, 93 N. E. 17, the court said (p. 699) : "In construing a statute, the purpose of the court is to discover the intention of the legislature. For such purpose an examination of the entire statute, as well as parts thereof, may be resorted to in order to discover the legislative intent. Acts of the legislature *in pari materia,* passed either before or after the enactment of the statute under the interpretation, and whether repealed or unre-

pealed, may be referred to and considered in order to discern the legislative intent. These are well-settled rules pertaining to the construction or interpretation of statutes."

The purpose and intent of the 1927 legislature, in enacting §8312.6 Burns Supp. 1929 (§8690 Baldwin's 1934) *supra*, was merely to require the state highway commission to assume, take over, and perform the duty of the county or township in maintaining, repairing, etc., its highways, in such cases where the state highway commission had designated any part of such county or township highway as a state highway detour, during the temporary use of the highway as a state highway detour; to impose further upon the state highway commission the duty of replacing such county or township highway so used as a detour in as good a condition as such highway was before it was designated as a state detour; and to pay all expenses incurred by these duties out of the state highway construction or maintenance fund. The duty of maintaining the highway, imposed upon the state highway commission by this act, was no different than the duty devolved upon the county or the township before such highway was designated as a state highway detour. It is clear, we think, that the legislature of 1927 did not intend, by imposing upon the state highway commission the duties as set out in said act, to enlarge or create any additional burden in respect to such county or township highway not required by said county or township before said highway was designated as a state highway detour.

It will be further noted that the 1927 act of the legislature above referred to did not specifically provide that the state highway commision maintain railroad crossings and approaches thereto on state highway detours, nor did it specifically relieve the

railroads of this duty which was imposed upon them by the statutes passed prior thereto. In view of the fact that there was no duty, under the law, upon the county or township to maintain railway crossings or approaches thereto upon the highways used as county and township highways, the legislature evidently did not intend to relieve the railroads of their duty to maintain such crossings and approaches thereto, or the legislative body would have said so in specific language. It clearly appears from the act of 1927, §8312.6 Burns Supp. 1929 (§8690 Baldwin's 1934), *supra,* that the legislature did not relieve the railroad companies of their duties to maintain crossings and approaches thereto on county and township highways designated as state highway detours.

It was therefore the duty of the appellant, under the statutes, to keep the highway in question, where it crossed appellant's railroad, in such condition and state of repair as not to impair its usefulness, nor interfere with its free use and so as to afford security for life and property. Sec. 8697, §12931, §12947 Burns 1926; *Chicago & Erie Railroad Co.* v. *Luddington, et al.* (1910), 175 Ind. 35, 91 N. E. 939, 93 N. E. 273; *N. Y. C. & St. L.* v. *Rhodes, et al.* (1909), 171 Ind. 521, 86 N. E. 840; *Chicago, etc., R. Co.* v. *State, ex rel.* (1909), 158 Ind. 189, 63 N. E. 224.

In view of the above holding of the court, there was no error in the giving of instruction No. 3 on the court's own motion and each of instruction Nos. 18, 20, 27, and 31 tendered by appellee and the refusal to give each of instructions Nos. 17 and 18 tendered by appellant.

The appellant next complains of the giving of instruction No. 2 upon the court's own motion by asserting that said instruction invokes a specific duty upon appellant, in that it required appellant's employees *actually to see* appellees' trailer on

the railway track. This objection is not tenable for it was the duty of appellant's employees to exercise ordinary care in looking ahead to discover persons or objects on the tracks at highway crossings and to use ordinary care in apprehending and acting on danger signals. The instruction did not require the appellant's employees *actually to see*, but to exercise such care as a reasonably careful and prudent person, under like or similar circumstances, would have used in discovering the trailer on the track and stopping the train. *Pittsburgh, etc., R. Co.* v. *Pence* (1916), 185 Ind. 495, 113 N. E. 7; *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 103 N. E. 737.

Appellant insists that the court erred in refusing to give each of the instructions Nos. 8, 10, 11, 12, 14, and 15 tendered by appellant. Upon our examination and consideration of all the instructions given in the trial, however, we find there was no error committed.

The appellant also complains of error of the court in the giving of the appellees' tendered instructions Nos. 1, 5, 12, and 12½. Instructions Nos. 1, 5, and 12½ are not subject to the criticisms urged, but upon our examination of instruction No. 12 tendered by appellee and given by the court, which instruction is as follows: "If you find from the evidence in this case that the servants or agents of the plaintiff in charge of the operation of the train which collided with defendants' trailer saw the servants or agents of the defendants flagging said train in sufficient time to have stopped said train before the collision, then you are instructed that the plaintiff is guilty of contributory negligence and cannot recover," we find that this instruction is erroneous in omitting the essential element of requiring the appellant to use only reasonable care in attempting to stop its train and avoid the injury. Being mandatory in character and omitting an essential

element to a recovery, this instruction can not be aided by other instructions given and would require a reversal of the judgment unless the record affirmatively disclosed that the particular error was not prejudicial to the appellant. It will be noted that this instruction was given upon the subject of contributory negligence. The cause being an action wherein appellant is seeking to recover property damage, it was incumbent upon the appellant to prove and establish, as an essential element to recovery, its freedom from contributory negligence. In the instant case there was evidence upon two phases of contributory negligence, first, that the appellant's servants and agents did not use ordinary care in stopping appellant's train and avoiding the collision; second, that the appellant did not construct and maintain the crossing and approaches thereto in such a manner as was required by law. The evidence relative to the first phase of contributory negligence is conflicting and leaves the question of contributory negligence to be determined by the weight of the evidence. As to the second phase of contributory negligence, the record affirmatively shows: That the highway at the point of intersection with the appellant's railway was eighteen feet wide and was constructed of stone; that the truck and the front wheels of appellees' trailer crossed the railroad track and that the middle of the trailer caught on the south rail of appellant's track; that the right front wheel of the trailer was on the ground, but the left front wheel was off the ground; that the two front wheels were about four feet in front of the trailer's platform; that the I-beam or axle iron caught on the track; that the rail stuck up about an inch higher than the planking; that the crossing was on a higher elevation than the highway; that the crossing and approaches thereto were not constructed and maintained in such a manner so as not to interfere with the free use or to impair the use-

fulness of the highway by appellees' trailer; that because of the condition of the crossing and the approaches thereto, appellees' trailer became stalled upon the crossing. We think, under this evidence, in view of the duty imposed upon appellant to keep the highway crossing in question in such a condition as not unnecessarily to impair the usefulness of the highway and so as not to interfere with the free use thereof, that no other conclusion could reasonably be drawn but that appellant was guilty of contributory negligence, which would preclude appellant's recovery. This being true, the appellant could not have been harmed by the giving of instruction No. 12 tendered by appellees. In the case of *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, it apears that instruction No. 1 given by the court at the request of appellee directed the jury to return a verdict for the plaintiff if certain facts enumerated therein were found to be true, and by this instruction the jury was not required to find, as an essential fact upon which to base its verdict, that appellee's decedent did not know of the dangerous condition and that he could not have known of it by the exercise of ordinary care. The court said (p. 211) : "An instruction which directs a verdict for the plaintiff under this statute upon the hypothesis that the jury find certain facts from the evidence, must require the jury to find, as a prerequisite to such verdict, all the facts as stated in the complaint, which bring the cause within the terms of such statute. Because the instruction under consideration fails in this particular, it cannot be held proper under the statute.

"The objection pointed out to this instruction, and to others showing like defects, would require a reversal of the judgment were it not disclosed by the record that the particular error was not prejudicial to appellant. . . The evidence shows without dispute that appellant was

engaged in operating an electrical plant by which it was furnishing electricity to the city and to divers persons for light and power, and that it employed in such business more than five persons. It also shows without dispute that the decedent at the time he met his death was acting under the directions of appellant's superintendent, and that he went into the place of danger in obedience to orders given by him. Under such a state of the evidence decedent could not be held to have assumed the risk of the danger, for which reason an erroneous statement of the law contained in an instruction as to the assumption of risk could not have harmed appellant." The court said further (p. 217): "Under §700 Burns 1914, §658 R. S. 1881, it has been frequently held that errors committed in giving instructions will not be regarded as cause for reversal when it appears that such errors did not affect the result. The instructions last considered were directed to the question of negligence on the part of appellant, and the errors in such instructions could not have affected the finding of the jury on any other issue of fact. In considering the effect of an erroneous instruction this court assumes that the error influenced the result, unless it appears from the interrogatories, the evidence, or some other part of the record, that the verdict under proper instructions could not have been different. If the court can ascertain from the record in this case that a finding in favor of appellant on the issues of its negligence could not be justified, then it is safe in saying than an erroneous instruction bearing upon that issue was harmless."

In the case of *Kraning* v. *Taggart et al.* ante 62, 1 N. E. (2d) 689, 693, the court in commenting on an instruction given which was peremptory in character and erroneous because it lacked one of the material facts essential to a recovery necessary to be proved and for the jury to find in order to entitle the appellee to a

recovery, said (p. 71): "One of the essential elements which appellant insists it was necessary for the jury to find in order to entitle appellee to a verdict at its hands, was the fact that appellee suffered injuries resulting in her damage. 'When a mandatory instruction is given which entirely omits some essential element of recovery, and which omitted element is a *controverted question of fact,* such érror can only be cured by the withdrawal of the instruction so given.' *Covert* v. *Boicourt* (1929), 93 Ind. App. 355, 168 N. E. 198, (transfer to Supreme Court denied November 24, 1931). In the instant case, the essential element omitted from the instruction was not a controverted question of fact. The evidence was uncontradicted that the appellee had sustained serious permanent bodily injuries, resulting in damages. *Milhollin* v. *Adams* (1917), 66 Ind. App. 376, 115 N. E. 803; *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 173 N. E. 330. The giving of appellee's instruction No. 8 was not prejudicial to the substantial rights of appellant, and the giving of it was not reversible error."

The appellant did not discuss under points and authorities in its brief the proposition that the court erred in the submission of adjoining counties on granting a change of venue, and therefore this matter will not be considered. Finding no reversible error and that there was sufficient evidence to sustain the verdict of the jury, the judgment of the lower court is affirmed.