SHELLABARGER v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Railroads:** INJURY TO STOCK BREAKING THROUGH FENCE: SUFFICIENCY OF FENCE. A railroad company is not liable for injury to domestic animals which get upon the track by breaking through a fence which is reasonably sufficient to turn live-stock.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, APRIL 22.

THE plaintiff was the owner of three colts, which were killed by a train of cars on defendant's railroad, and he claims to recover damages upon the alleged grounds that the defendant had failed to properly fence its road, and failed to keep its fence in proper repair, and that said colts were killed by reason of such failure and neglect. It is further averred that the colts were killed by the gross carelessness and negligence of the employes of the defendant who operated and ran

the said train of cars. The answer was a general denial. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*J. Carskadden*, for appellant.

*D. C. Cloud*, for appellee.

ROTHROCK, J.—The plaintiff's colts were killed by being struck by a train on defendant's road at a point where it had the right to fence its track and right of way. The evidence tends to show that the railroad was fenced with a five-board fence, with posts about six feet distant from each other, and that the boards were nailed on the posts with proper spaces between the boards, and that the fence was four feet and eight inches in height. There was a highway crossing near where the accident happened, and the colts were in the highway running towards the crossing, and on the approach of a freight train it appeared to the engineer that they were attempting to cross the railroad in front of the train. The whistle was sounded to drive them back and prevent a collision with them, and in their fright they dashed against the railroad fence and broke it down, and went upon the right of way. They were struck and killed by another freight train which followed a mile or two behind. The accident happened in the night. The court gave to the jury the following, among other instructions: "(6) In reference to the duty of a railroad company, you are instructed that when its right-of-way fences are constructed they *must be* of such construction and strength *as to absolutely prevent stock from getting through, under or over the same;* but after its fences have been constructed, it is only the duty of the railroad company to use ordinary care and diligence to keep itself informed of the condition of its fences, and to keep them in such condition of renewal and repair as to *absolutely prevent* stock from getting through or over them, and if it fails so to do it is negligent, and liable for injuries to stock caused by such negligence." This instruction was duly excepted to, and coun-

sel for appellant claim that the defendant's duty is fully performed by the erection of such a fence as is reasonably sufficient to prevent live-stock from coming upon the track.

The statute does not require a railroad company to fence its road. It provides that "any corporation operating a railway that fails to fence the same against live-stock running at large, at all points where such right to fence exists, shall be liable to the owner of any live-stock injured or killed by reason of the want of such fence," etc. Code, § 1289. The requirement is that the railroad company shall be liable if it fails to fence its road "against live-stock running at large." This means such a fence as is reasonably sufficient to prevent live-stock from going upon the track. The term "fence" has a signification and meaning well understood in the law, as well as in common parlance. It does not mean an impassable barrier, or such a structure as is absolutely insurmountable by any live-stock, however breachy or vicious the animals may be. Farmers or others, desiring to protect their lands and crops from the incursions of live-stock, erect such fences as are reasonably sufficient for that purpose; and we think that, when there is a requirement to erect fences, such as are usually understood to be sufficient must be held to have been in the mind of the legislature.

We think it has been quite uniformly understood by the courts and the legal profession in this state, since the enactment of the railroad fence law in 1862, that a fence that is reasonably sufficient fulfills all the requirements of the law. The decisions of this court in several cases seem to recognize such to be the rule. See *Lemmon v. Chicago & N. W. R. Co.*, 32 Iowa, 151; *McKenly v. Chicago, R. I. & P. R. Co.*, 43 Id., 641; *Hammond v. Chicago & N. W. R. Co.*, Id., 168; *Fernow v. Railroad Co.*, 22 Id., 528; *Hilliard v. Railroad Co.*, 37 Id., 442.

In our opinion the instruction under consideration imposes a measure of liability not authorized by law.

REVERSED.