## M. M. Barney v. Joseph Pinkham.

### Filed September 26, 1893.   No. 4844.

1. **Trial :** Instructions: Requests: Objections: Waiver. It is the duty of the court on its own motion to state the issues as presented by the pleadings to the jury. If, however, it fails to do so, a request to that effect must be made, and upon the failure, an exception taken. If no exceptions are taken and the objection not assigned in the motion for a new trial, it will be deemed waived.

2. **Instructions** *held* to state the law correctly.

3. **The evidence,** being conflicting, was fairly submitted to the jury.

Error from the district court of Kearney county. Tried below before Gaslin, J.

*Greene & Hostetler,* for plaintiff in error.

*St. Clair & McPheely, contra.*

Maxwell, Ch. J.

The cause of action in this case is stated as follows :

"The plaintiff complains of the defendant for that at the time of the transactions, wrongs, and injuries hereinafter named, to-wit, prior to and until April 27, 1888, plaintiff was the owner of a certain roan mare of the actual value of $200; that on or about the 21st day of April, 1888, the said mare became and was sick with disease then unknown to plaintiff; that on said date last aforesaid, and for a long time prior thereto, the defendant claimed to be, and advertised and held himself out to the public and to plaintiff to be, a veterinary surgeon and asked to be employed as such in the treatment of sick and diseased horses; that the plaintiff, on or about the 22d day of April, 1888, employed the defendant as a veterinary to treat and doctor the said mare

for her said sickness for pay; that defendant, under said employment and in the capacity of veterinary aforesaid, visited said mare a number of times, examined her, diagnosed her case, prescribed medicines as remedies for her, gave her medicine and drugs, and treated and caused her to be treated under his sole direction, control, and management from said last named date until on or about April 27, 1888, when said mare died.

"Plaintiff alleges that the defendant, at the time of said employment and the treatment of said mare, was incompetent to treat sick and diseased horses; that he was grossly ignorant and unskilled in the profession of veterinary, and did not possess nor bring to the treatment of said mare ordinary skill or due care, but so ignorantly, carelessly, and unskillfully treated and administered medicine to her, and in such large quantities, as to cause and did cause the death of said mare; that he gave and administered to said mare drugs wholly improper to be given for her treatment and cure, and by such treatment aforesaid, done ignorantly, unskillfully, and negligently, caused her death as aforesaid, to the damage of the plaintiff in the sum of $200; that by reason of the premises the defendant is justly indebted to the plaintiff in the sum of $200, which is past due and wholly unpaid, and for which sum, with costs of suit, plaintiff demands judgment against the defendant."

The answer is a general denial. On the trial of the cause the jury returned a verdict for $135 in favor of Pinkham, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The first error complained of is the failure of the court to state the substance of the issues to the jury. In this case the court referred them to the petition. It no doubt is the duty of the court to state the substance of the issues to the jury, and this should be done without request; but if the judge fail to do so, he should be requested to charge as desired, and if he refuses to so charge, an exception

should be taken. In the case at bar no exceptions were taken, nor is the objection made in the motion for a new trial. The objection, therefore, cannot be considered.

The instructions need not be reviewed at length. They state the law correctly and seem to be based on the testimony.

It is objected that there is not sufficient testimony to sustain the verdict. An examination of it shows that it is conflicting upon the principal questions and was proper for a jury to consider. There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.