WHITFIELD SANFORD v. KATE C. CRAIG ET AL.

FILED NOVEMBER 4, 1897.    No. 7544.

1. **Instructions**: PROCEDURE: REVIEW. It is of the duties of the trial court, of its own motion, to instruct the jury what the issues are in any case on trial. If it does not do so, such instruction must be prepared and a request be preferred that it be given, and if the request is refused or ignored, an exception noted. If there is no exception and the matter is not made the subject of assignment of error in the motion for a new trial, it will be taken as waived.

2. **Action on Note**: EVIDENCE OF REWARD FOR PAYEE'S ARREST. The admission of certain evidence herein examined and *held* prejudicially erroneous.

ERROR from the district court of Chase county. Tried below before WELTY, J.   *Reversed.*

*M. B. Reese, Clark & Allen,* and *C. W. Meeker,* for plaintiff in error.

*W. S. Morlan, contra.*

HARRISON, J.

The plaintiff commenced an action in the district court of Chase county, Nebraska, against the defendants, on a promissory note in the sum of $565, alleging, in regard to his title to the note, that he was the owner of such note by virtue of its purchase for a valuable consideration before its maturity. The answer to the petition was a general denial. The main issue in the evidence introduced was, did the defendants execute the note in suit? They sought to prove that they did not, and the plaintiff the contrary. The defendants were successful in securing a favorable verdict and the plaintiff has prosecuted error proceedings to this court. An examination of the record before us discloses that the verdict of the jury was in form a general finding favorable to the plaintiff, without, however, assessing the amount of his recovery. The judgment is for the defendants.

It is stated in the brief filed in behalf of the plaintiff, that the case was tried to a jury and a verdict returned for defendants; and, since it is thus conceded for the plaintiff that the verdict was in favor of defendants, we will proceed with the examination of the questions presented without further attention to the condition of the record.

The first assignment argued is that the trial court erred in failing to instruct on the issues in the case. It is true that the court did fail to so instruct, but no request was made that he should state the issues in the instructions, and no objection was made or exception taken to the non-action of the court; neither is it of the subjects of assignment and complaint in the motion for a new trial, and must be deemed waived. "It is the duty of the court on its own motion to state the issues as presented by the pleadings to the jury. If, however, it fails to do so, a

request to that effect must be made, and upon the failure an exception taken. . If no exceptions are taken and the objection not assigned in the motion for a new trial, it will be deemed waived." (*Barney v. Pinkham*, 37 Neb., 664.)

In the record appears the following:

"Paper marked Exhibit 'F,' for identification.

"Q. State what that is and where you got it.

"A. I guess that is the man I sold the house and lot to,—Frank Scoville.

"Q. Where did you get it?

"A. After he run off and left me in the suds, my friends sent it to me.

"Exhibit 'F' offered in evidence.

"(The following is the copy of Exhibit 'F' except the photograph which appears at the top of the page of Frank A. Scoville:)

"$500 reward.   The creditors of the State Bank of Valparaiso offer the above reward for the arrest of F. A. Scoville and Geo. A. Crafts.  Valparaiso, Neb., November 22, 1888.   F. A. Scoville and Geo. A. Crafts have obtained from the State Bank of Valparaiso about $100 in currency.   Description of Scoville: 35 years of age; 5 ft. 8 in. high; weight, about 170 lbs.; dark complexion, full features, grey eyes, dark hair, and brown mustache; has mole on cheek; also large mole or tumor back of ear nearly ¾ of an inch in length; front teeth crowded together and badly discolored; rather plain-appearing gentleman, and dresses plain.   The cut above is a fair picture of Scoville.   Description of Crafts: About twenty-three years of age; small build; about five feet six inches high; weight, about 140 pounds; dark hair and eyes; small black mustache; stylish-appearing gentleman; usually wears dark clothes; rather a distinct, rapid talker.   The above reward will be paid for the arrest and delivery to authorities in Saunders county, Nebraska, of the above named parties.   Send all information to Chas. Crow, General Superintendent of the Peoples Detective Associa-

tion, Lincoln, Nebraska." This exhibit was admitted over the objection of counsel for plaintiff and its admission is assigned and presented as an error. The evidence bearing on the litigated issues was conflicting, hence we cannot say that the verdict was the only one which might or should have been rendered.

F. A. Scoville, or Frank A. Scoville, was the payee of the note in suit, the party from whom the plaintiff had purchased it, so alleged in the petition. Exhibit "F," of which we have given a copy, referred to Scoville as being subject of search by a detective association, with a reward offered for his arrest and delivery to the authorities of the county named in the exhibit. This piece of evidence had no possible connection or relevancy to any phase or portion of the cause on trial; was utterly foreign to the issues, and could have but one effect,—that of prejudicing and misleading the minds of the jurors,—hence its admission was an error and one which we cannot say was not harmful to the rights of the complaining party.

There are other errors assigned but we do not deem a discussion of them necessary at this time. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.