ALBERT HELWIG, APPELLEE, v. GEORGE N. AULÁBAUGH, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,502.

1. **Master and Servant: CONTRACT: EVIDENCE.** A contract of employment may be proved by letters exchanged between the parties in due course of mail.

2. **Evidence: LETTERS.** Where the genuineness of a letter has not been questioned, it may be introduced in evidence on competent testi-

mony that it was received in due course of mail in reply to a letter mailed to the writer.

3. **Trial: INSTRUCTIONS: WAIVER.** The right of a litigant to have a particular issue of fact submitted to the jury by an instruction may be waived by conduct showing that he neither requested such an instruction nor raised the question in his motion for a new trial.

4. **Master and Servant: DISCHARGE: DAMAGES.** It is the duty of an employee who has been wrongfully discharged in violation of his contract to make reasonable efforts to avoid loss by securing other employment.

5. ——: ——: ——: **INSTRUCTIONS.** In a suit by an employee to recover damages for his wrongful discharge in violation of a written contract, an undenied allegation of the petition, stating the amount plaintiff subsequently earned elsewhere, when established by uncontradicted evidence, presents no issue of fact for the determination of the jury.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*T. W. Blackburn,* for appellant.

*Isidor Ziegler, contra.*

ROSE, J.

This is an action by an employee against his employer for damages for breach of the contract of employment. The material facts alleged in the petition may be summarized as follows: By exchange of letters in due course of mail plaintiff was hired for a year as a cutter and workman in defendant's furriery in Omaha, upon the following terms: From August 1, 1905, to September 4, 1905, plaintiff was to receive $16.25 a week; from September 4, 1905, to January 20, 1906, $25 a week; and from January 20, 1906, to August 1, 1906, $16.25 a week. Plaintiff entered upon the duties of his contract and continued in defendant's employ for a period of seven months, or until March 5, 1906, when he was wrongfully discharged in violation of his contract and deprived of

his wages of $16.25 a week from March 5, 1906, to July 31, 1906, amounting to $346.66. An unpaid balance of $10 increased his claim to $356.66. Between March 5, 1906, and August 1, 1906, plaintiff, though ready and willing to perform his part of the contract in full, obtained employment elsewhere and received as compensation $55.50, and was unable to obtain other employment or earn a greater sum. The prayer was for judgment for $301.16, or the difference between what he should have received under his contract and the amount earned after he was discharged.

In the answer defendant admitted plaintiff was in his employ for seven months, but alleged he left it voluntarily March 3, 1906, confessing his inability to perform his duties, was paid in full for his services, and never afterwards returned or offered to return to defendant's employ. In addition the answer alleges: "Defendant denies each and every allegation in said petition contained, save and except as same may be admitted or pleaded to in this amended and substituted answer. * * * Defendant admits that after plaintiff left defendant's employ he was engaged in other employment, but defendant does not know with whom he was employed, when, where or how long he was employed, or what compensation he received." The allegations of defense are denied by a reply. The trial resulted in a verdict and judgment for plaintiff for $308.14. Defendant appeals.

The question of the making of the contract was not submitted to the jury by an instruction, and this is assigned as error on the ground that it took from the triers of fact an issue raised by the pleadings. In this connection it is argued that the letters were erroneously admitted in evidence and that the existence of the contract was not established. It was shown by competent testimony that the letters from defendant were received in due course of mail in answer to letters written to him by plaintiff, and that in pursuance of defendant's correspondence plaintiff came from Minneapolis to Omaha on

transportation inclosed in one of the letters, and worked for defendant seven months, receiving weekly the stipulated wages. The letters were properly admitted in evidence. *People's Nat. Bank v. Geisthardt*, 55 Neb. 232. Defendant offered no evidence to question the genuineness of the letters or to dispute the testimony relating to them, and they showed the contract to be as pleaded in the petition. There was, therefore, no disputed question of fact as to the making of the contract to submit to the jury, and the action of the court in this respect was without error.

Another point earnestly presented by defendant is the failure of the court to instruct the jury that it was incumbent on plaintiff to prove he was ready and willing to carry out his contract, notwithstanding he was wrongfully discharged. It is insisted this fact was in issue, with evidence on both sides, and ought to have been submitted to the jury by an instruction. Defendant did not ask for such an instruction, but insists that it should have been given without a request. The record shows he did not except to the failure of the court to give such an instruction or raise the question in his motion for a new trial. This was a waiver of the error, if any. *Barney v. Pinkham*, 37 Neb. 664; *Sanford v. Craig*, 52 Neb. 483.

Complaint is also made that the law of avoidable consequences required the court to instruct the jury that a discharged employee must not only be ready and willing to perform his contract, but that he must be willing to accept other work, if he can procure it. Plaintiff by his petition and the trial court by instructions recognized the rule that it is the duty of an employee who has been wrongfully discharged in violation of his contract to make reasonable efforts to avoid loss by securing other employment. Plaintiff alleged in his petition that after he was discharged he obtained employment of various kinds at different places, stating the names of his employers and the amount received from each. He then alleged

38

the total sum so received was $55.50, and that he "was unable to obtain other employment or earn a greater sum." The trial court was justified in assuming this allegation was not denied by the averments already quoted from the answer, or by any other allegations thereof. In addition, the allegation was established by uncontradicted evidence. There was, therefore, no fact in issue as to plaintiff's diligence in seeking other employment, or as to the amount earned by him elsewhere, and there was no occasion to submit those questions to the jury. The court did instruct, however, that the sum of $55.50 should be credited on any sum due from defendant to plaintiff. The action of the trial court was also in harmony with the doctrine that the burden is on an employer who discharges his employee in violation of his contract of employment to show in mitigation of damages that the latter by the exercise of due diligence in securing other employment might have reduced the loss. *Wirth v. Calhoun,* 64 Neb. 316; *Bissel v. Vermillion Farmers Elevator Co.,* 102 Minn. 229.

Complaint is also made of other rulings and instructions relating to evidence, but a careful examination of each shows that defendant has not presented a record disclosing any reversible error.

It follows that the judgment must be

AFFIRMED.