SWAIN LARSON, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED MAY 6, 1911. No. 16,424.

1. Appeal: ADMISSION OF EVIDENCE. "Error cannot be predicated on the admission of testimony identical with that already admitted without objection." *Robinson v. City of Omaha*, 84 Neb. 642.

2. ———: INSTRUCTIONS: STATEMENT OF ISSUES: NECESSITY TO REQUEST INSTRUCTIONS. It is the duty of the trial judge on his own motion to state to the jury the issues presented by the pleadings, and he should not hand the jury those documents with the statement that they constitute the issues; but if the substance of the issue is correctly stated in other instructions, and the defeated litigant does not present an instruction containing a more detailed statement, it is in no position to complain in this court that the issues were not sufficiently stated to the jury.

3. ———: ———: HARMLESS ERROR. A judgment should not be reversed because one clause in an instruction does not correctly state the law, unless it is evident that the error prejudiced the complaining party.

4. Railroads: KILLING ANIMALS: FENCING RIGHT OF WAY. If a railway company fails to erect and maintain a fence along its right of way as required by statute, and in consequence horses go upon the railway track and are killed by one of the company's locomotive engines, the mere fact that two miles distant from the point where they entered the right of way they escaped from their driver and ran away will not exonerate the company.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*B. T. White, C. C. Wright, B. H. Dunham* and *F. E. Bishop,* for appellant.

*R. M. Johnson* and *M. F. Harrington, contra.*

ROOT, J.

This is an action to recover damages for the loss of two horses killed, as alleged, by reason of the defendant's failure to maintain a fence as required by section 1, art.

I, ch. 72, Comp. St. 1909. The plaintiff prevailed, and the defendant appeals.

The trial judge would have observed a more correct practice had he not delivered the pleadings to the jury with a written instruction that "these pleadings constitute the issues in this case"; and, if the jury had not been otherwise advised concerning the issues, we would not hesitate to reverse the judgment. The issues joined are simple, and were fairly stated in the second and fourth instructions, wherein the jury were told that the burden was upon the plaintiff to prove by a preponderance of the evidence that his horses were killed on the defendant's right of way by one of its locomotive engines, "and were enabled to get upon said railroad track by reason of the fence on the north side of defendant's track being out of repair"; but that, if the plaintiff's carelessness or negligence caused the horses to go upon the track, the defendant was not liable. Furthermore, in *Barney v. Pinkham*, 37 Neb. 664, and in *Sanford v. Craig*, 52 Neb. 483, we held that, if counsel desired a more detailed statement of the issues than appears in the court's charge, it is their duty to request an instruction conforming to their views. The defendant, so far as we are advised, made no requests for instructions, and its complaint is without merit. Of course, the inaction of counsel would not cure a misstatement of the issues, but no misstatement was made.

The defendant contends that instruction numbered 3 permitted the jury to return a verdict for the plaintiff if they found that the fence was out of repair, although it might have been amply sufficient to turn horses that were not running away. One clause of this instruction might be thus construed, but it should be read in connection with other parts of the instruction and with the other instructions given. In the same instruction the jury were told that if they found from the evidence that the fence at the point where the team entered the right of way "was an ordinarily well-built five-wire fence with posts one rod apart, and that at the time of the injury to the horses

said fence was in good repair, then the plaintiff cannot recover." They had also been informed that the statute required the defendant to erect and maintain "fences on each side of their railroad suitable and amply sufficient to prevent cattle and horses from getting on the track of said railroad." The statute so provides. Comp. St. 1909, ch. 72, art. I, sec. 1. If the testimony given by the plaintiff's witnesses is true, the fence at the point in question would not under ordinary circumstances repel horses; if the defendant's witnesses should be believed, the fence was amply sufficient for that purpose and was in perfect repair. The jury, in accepting the testimony adduced by the plaintiff, must necessarily have believed, not only that the fence was out of repair, but that it would not repel horses. Under these circumstances we do not think that there was prejudicial error in giving instruction numbered 3.

The horses commenced to run about two miles from the point where they were killed, but there is no direct evidence that they were running when they entered the right of way, although from whatever presumption may exist and the facts and circumstances shown by the evidence the jury might have so found. The defendant, however, did not request an instruction that it was not compelled to construct or maintain an impassable barrier to live stock, or one that would turn a runaway team; and, if the jury found that the fence was amply sufficient under ordinary circumstances to repel horses, their verdict should be for the defendant. Had a request of this character been made and the instruction refused, it is not improbable that the defendant would have had just cause for complaint. *Shellabarger v. Chicago, R. I. & P. R. Co.*, 66 Ia. 18. But if the fence, because of its construction or condition of repair, did not comply with the statute, the mere fact that the horses were running away at the time they entered the right of way would not exonerate the company. *Chicago & A. R. Co. v. Utley*, 38 Ill. 410. Taking the instructions together, we find no prejudicial

misstatement of the law, and the defendant is in no condition to complain because the issues and its possible defense as developed by the evidence were not more sharply defined.

Witnesses testified to the condition of the fence at the point where the team entered the right of way and for a considerable distance therefrom. Some of this testimony went in without objection, and to some objections were made and overruled. Under these circumstances the defendant will not be heard to complain. *Robinson v. City of Omaha,* 84 Neb. 642.

Sufficient has been said to demonstrate that the evidence will sustain a finding that the defendant is liable. There is no complaint that the damages are excessive. Upon a consideration of the entire evidence, we find no error prejudicial to defendant, and the judgment of the district court is

'AFFIRMED.

BARNES and FAWCETT, JJ., dissent.