## MILHOLLIN v. ADAMS.

[No. 9,260. Filed April 19, 1917. Rehearing June 26, 1917. Transfer denied January 10, 1918.]

1. APPEAL.—*Presenting Questions for Review.—Sufficiency of Complaint.—Waiver of Question.*—Where the sufficiency of the complaint was not challenged below, all questions relating to its sufficiency are waived. p. 378.

2. MASTER AND SERVANT.—*Wrongful Discharge.—Action.—Instruction.—Profits from Other Employment.*—In an action by a discharged servant against the employer for breach of a contract of hire, where there was no evidence that plaintiff obtained other employment, failed to exercise reasonable diligence to obtain it, or was offered employment of a similar character and refused to accept it, an instruction that plaintiff's measure of damages would be the wages he would have been entitled to receive if he had been permitted by defendant to fulfill the contract alleged, less whatever payment had been made under it, was not erroneous as taking from the jury the right to determine from the evidence whether plaintiff could have earned anything elsewhere during the term of the contract, since, where there is no evidence upon

an element in a case, it is not error to omit that element in an instruction when the burden of proof is on the party objecting. pp. 380, 381.

3. MASTER AND SERVANT.—*Wrongful Discharge.—Action.—Profits from Other Employment.—Burden of Proof.*—In an action by a discharged servant against the employer for breach of a contract of hire, the burden was on defendant to prove that plaintiff received or could have received profits from other employment during the term of contract. p. 380.

4. APPEAL.—*Harmless Error.—Instruction.*—In an action for breach of a contract of hire, where the evidence necessary to uphold the second or supplemental paragraph of the complaint would also sustain the first paragraph, defendant was not harmed by an instruction stating the terms only of the contract pleaded in the supplemental paragraph of the complaint. p. 381.

5. MASTER AND SERVANT.—*Wrongful Discharge.—Action.—Damages.*—In an action for breach of hire, the amount of damages to which plaintiff is entitled is *prima facie* the amount stipulated to be paid under the contract. p. 381.

From. Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Beecher Adams against William L. Milhollin. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Koons & Koons,* for appellant.

*Thomas V. Miller,* for appellee.

IBACH, P. J.—This action was commenced in a justice of the peace court to recover damages for breach of contract of hire. From the judgment there recovered appellant appealed to the Delaware Circuit Court from which the cause was transferred to the court below. A second paragraph of complaint was filed in the Delaware Circuit Court. There was a trial by jury, verdict and judgment for appellee for $120 damages. Appellant's motion for a new trial was overruled, and such ruling presents the only questions for our determination.

The sufficiency of the complaint was not questioned

below and therefore all questions relating to
1. its sufficiency are waived. *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878.

It will be sufficient for the purposes of the questions here raised to set out the general averments of the second paragraph, which contains the substance of all the averments of the first paragraph filed in the justice of the peace court.

On February 25, 1914, appellee and appellant entered into a contract by which appellant employed appellee to work for him upon his farm for the term of one year from March 1, 1914, for which services appellant promised and agreed to pay appellee $26 a month, payable on the first of each month, and in addition to said payment of money agreed to give and furnish appellee a horse and buggy and a milch cow for his use, which was worth $15 a month. Pursuant to such contract appellee began working for appellant and continued to work for him until March 27, 1914, when appellant without cause discharged appellee, and refused to permit him to continue in said employment. By reason of the premises appellee lost the wages and use of the horse and buggy and cow, and is damaged in the sum of $200.

Only one instruction was given to the jury, and that by the court of its own motion. The giving of this instruction is made one of the grounds of the motion for new trial. The instruction is lengthy and it would serve no useful purpose to set it out. That part of the instruction particularly objected to reads: "If you find for the plaintiff the measure of damages will be the wages that the plaintiff would have been entitled to receive if he had been permitted by defendant to fulfill the contract alleged by plaintiff

to have existed between them, less whatever payment has been made, under the testimony, by the defendant to the plaintiff.''

The objection is that the instruction ''assumed that the contract as alleged by plaintiff was proven and took that question of fact from the jury. And it took from the jury the right to determine from the evidence, direct and circumstantial, whether the appellee could have earned anything elsewhere during the year, and how much if anything.''

''Mr. Sedgwick, after stating that the authorities are in conflict upon this subject, declares the rule, as held by the recent decisions, to be that the plaintiff must recover his entire damages in one action, 'and that the measure of damages, therefore, is the amount of wages due at the time of the trial, together with compensation for the future benefit the plaintiff would probably have realized under the contract, with the proper deductions.' He further says: 'It is the plaintiff's duty to use reasonable efforts to avoid loss by securing employment elsewhere. The measure of damages is, therefore, the amount of wages he would have earned under the contract, deducting however, such sums as he earned or by reasonable diligence might have earned elsewhere, and making allowance for the expense of obtaining employment. The burden of proof is on the defendant to show that the plaintiff might have obtained other employment; for the failure of the plaintiff to obtain other employment does not affect the right of action, but only goes in reduction of damages, and if nothing else is shown, the plaintiff is entitled to

recover the contract price upon proving the defendant's violation of the contract, and his own willingness to perform.'" *Pennsylvania Co.* v. *Dolan* (1892), 6 Ind. App. 109, 123, 124; 32 N. E. 802, 51 Am. St. 289; 2 Sedgwick, Damages (9th ed.) §§666, 667. See, also, *Hamilton* v. *Love* (1899), 152 Ind. 641, 643, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384, and cases cited; 1 Labatt, Master & Servant (2d ed.) §§391, 399.

Where there is no evidence to go to the jury upon a certain element in the case, it is not error to omit such element in an instruction when the burden of proof is on the party objecting. The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial. *Indiana R. Co.* v. *Maurer* (1902), 160 Ind. 25, 66 N. E. 156; *City of Bloomington* v. *Woodworth* (1907), 40 Ind. App. 373, 81 N. E. 611; *Helwig* v. *Aulabaugh* (1909), 83 Neb. 542, 546, 120 N. W. 162. Under such principle, in order to render appellant's objection, *supra*, available on the question of damages, it should appear that there was evidence at least fairly tending to show either that appellee obtained other employment, failed to exercise reasonable diligence to obtain employment, or was offered employment of a similar character and refused to accept it.

Appellee contends, and such contention is supported by the record, that there is no evidence tending to show that appellee received or could have received profits from other employment. As hereinbefore indicated, the burden was

upon appellant to prove such issue. The only direct evidence pointed out by appellant is that appellee told one McCoy that he was going to quit anyway; that he could make more at other work than working on a farm. There is no evidence direct or circumstantial that would have warranted the jury to find for the appellant on such issue.

The further objection that the instruction assumes that the contract alleged by plaintiff was proved is untenable. The instruction when read as a whole is not open to such objection.

It is further objected that the instruction is erroneous in stating the issues, in that it states the terms only of the contract pleaded in the ":supplemental" paragraph of complaint. The second paragraph filed in the Delaware Circuit Court is designated as an additional and supplemental complaint. It is in fact, however, a separate additional paragraph, and must be so treated. The evidence necessary to uphold the second paragraph would also uphold the first paragraph, therefore appellant was not harmed.

There is some evidence tending to show the contract as alleged in the complaint and a wrongful discharge of appellee before the expiration of the term. The amount of damages to which the plaintiff is entitled is *prima facie* the amount stipulated to be paid (*Hinchliffe* v. *Koontz* [1890], 121 Ind. 422, 23 N. E. 271, 16 Am. St. 403), and there is no evidence that would warrant a reduction on account of money earned, or that could have been earned by appellee. The amount of the judgment,

as we view the evidence, was highly favorable to appellant.

No available error being shown, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 803. Master and servant: wrongful discharge of servant, right to recover, 43 Am. Dec. 205, 58 Am. Rep. 828, 51 Am. St. 515, 26 Cyc 1000, 1001; measure of damages for wrongful discharge of servant, 5 L. R. A. (N. S.) 579. See under (3) 26 Cyc 1006.