H. W. J. EDBROOKE, APPELLEE, v. FIRST NATIONAL BANK OF ALLIANCE, APPELLANT.

FILED APRIL 10, 1923. No. 22319.

1. **Appeal:** CONFLICTING EVIDENCE. The verdict of a jury in a law action, based on conflicting evidence will not be disturbed, unless clearly wrong.

2. ———: HARMLESS ERROR. It is not prejudicial error for the court, by an instruction, to withdraw an item of a counterclaim from the consideration of the jury, where the jury have properly determined that no right of counterclaim existed.

3. ———: ADMISSIBILITY OF EVIDENCE. A party who procures a witness to read in evidence the contents of a written instrument cannot complain of the subsequent admission in evidence of the identical instrument.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Burton & Reddish,* for appellant.

*Warren & Hodgkin* and *E. C. Barker, contra.*

Heard before MORRISSEY, C. J., ALDRICH and GOOD, JJ., BEGLEY and BUTTON, District Judges.

GOOD, J.

This action was brought by plaintiff to recover a balance due for services as an architect in preparing plans and specifications for the remodeling of defendant's bank building, pursuant to a written contract between the parties. The defendant admitted the making of the contract, but alleged in its answer that it was under-

stood and agreed between the parties that the cost of the entire work, including the services of the architect, should not exceed $30,000, and alleged that, under the plans and specifications furnished, the total cost of remodeling the bank building would exceed $60,000, and that it could not and did not use the plans and specifications, and denied any liability on the contract. It further alleged, by way of counterclaim, that it had made a partial payment on the contract, and had ordered and paid for certain material for the building before it was aware that the cost of the remodeling would exceed the sum of $30,000, and that the material ordered was of such a character that it could not be used for any other purpose and was an entire loss to the defendant; and asked for judgment for the amount of the partial payments made and the cost of the material paid for. Plaintiff denied that there was any agreement to limit the cost of remodeling to $30,000. Trial was had to the court and jury, and the jury found for plaintiff in the total amount claimed by him. Defendant brings the case to this court for review.

1. It is evident from an examination of the record that the principal question, and the one which is determinative of this case, is whether or not there was an agreement between the parties that the cost of remodeling the building should not exceed $30,000. On this question the evidence was in conflict. Plaintiff testified that there was no such cost limit, while the defendant and several other witnesses testified that there was such a limitation. There is evidence in the record which tends to show that defendant knew that the cost of remodeling would exceed $35,000, and that after receiving this information it made a partial payment to the plaintiff for his services, and that the president of defendant gave other reasons for not proceeding with the work of remodeling the building. The record clearly shows that there was ample evidence to sustain a finding, in favor of plaintiff, that there was no such

limit to the cost of the remodeling, as claimed by defendant. This question was fairly submitted to the jury, and their finding is conclusive. This court will not disturb the verdict of a jury based on conflicting evidence, unless clearly wrong. *Blado v. Draper*, 89 Neb. 787; *Albrecht v. Morris*, 91 Neb. 442; *Young v. Kinney*, 85 Neb. 131.

It is evident that defendant could not be entitled to recover anything upon its counterclaim, unless there was a limitation upon the cost of the remodeling of the building. The finding of the jury for plaintiff disposed of defendant's right to recover on its counterclaim.

2. Defendant also complains of the giving of an instruction by the court which withdrew from the jury one item of the counterclaim. Since the finding of the jury disposed of any right of defendant to recover, it was not prejudicial to withdraw from the jury one of the items of the counterclaim.

3. Defendant complains of the admission in evidence of a certain written instrument. Prior to its admission, it was produced by the defendant and submitted to plaintiff, who was then on the witness-stand, with the request that he read it. The contents of the instrument were read in evidence by the witness, and the instrument was subsequently offered and received in evidence over defendant's objection. Defendant was instrumental in placing the contents of the instrument before the jury. A party who procures a witness to read in evidence the contents of a written instrument cannot complain of the subsequent admission in evidence of the identical instrument. *Robinson v. City of Omaha*, 84 Neb. 642; *Larson v. Chicago & N. W. R. Co.*, 89 Neb. 247.

There is no prejudicial error in the record, and the judgment is

AFFIRMED.