PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* SMITH, ADMINISTRATOR.

[No. 13,461.   Filed December 3, 1929.]

*McMullen & McMullen* and *Whitcomb, Ewbank & Dowden,* for appellant.

*Martin J. Givan* and *E. G. Bielby,* for appellee.

ENLOE, J.—This was an action upon a policy of insurance, issued by appellant upon the life of one Sarah F. Smith. The complaint was in one paragraph, and alleged the issuance of said policy, the payment of the premiums thereon, the death of the insured, and the denial by the appellant of liability under said policy. A copy of said policy was attached to said complaint

as an exhibit thereto. To this complaint the appellant answered by general denial, and by a second and a third paragraph in confession and avoidance as hereinafter noticed. These paragraphs of answer were met by a reply in denial, and as to said second paragraph, there was a reply alleging, in substance, *inter alia:* That the said Sarah F. Smith stated to said Linton (he being the agent who took said application) that, so far as she knew she was in good health; that said answer was made in response to an inquiry of said defendant's agent; that she honestly believed the said statement as to her health to be true; that at no time did said applicant make any fraudulent representation relative to the matters contained in said application.

The issues were submitted to a jury for trial, which resulted in a verdict for appellee for the face of said policy. Appellant's motion for a new trial having been overruled, it now prosecutes this appeal.

The court, among others, gave to the jury the following instruction: "No. 7. The court instructs the jury that where an agent of the insurance company, having real or apparent authority to receive an application for insurance, is truly informed by the insured of the facts relating to the risk, but *incorrectly states them* in written application for insurance prepared by him, and without the knowledge or consent of the assured, the insurance company is estopped from insisting upon a forfeiture of the policy issued upon such application on account of such statement, and if the jury believe from the evidence that the agent of the defendant who solicited the application of the deceased knew that the deceased was not in good health and that, in making out the application, the agent wrote in the blank furnished by him that the assured was in good health, and if the jury believe from the evidence that the policy here sued on was issued on such application so filled in by the agent and as signed by

the assured, then if the jury believe from the evidence that the deceased correctly stated the condition of her health to the agent, the jury are instructed that the deceased had a right to rely upon the statement as written by the agent as sufficiently accurate and that the inaccurate answer did not avoid the policy."

In another instruction, No. 26, the jury was told: "If you find from the evidence that the insured, Sarah F. Smith, or any one at her instance, truthfully made known to the agent of said defendant, R. E. Linton, at the time said Linton took said insurance application for the policy sued on in this action as to her prior condition of health, or if said agent at the time knew such facts, then the knowledge of said agent is the knowledge of the defendant company and if the said company, with said knowledge, issued and delivered the policy sued upon in plaintiff's complaint, it thereby waived any right to contest the payment of said policy on the grounds as set up in defendant's answer, and your verdict should be for the full amount of the said policy and interest at the rate of six per cent from April 16, 1927."

In considering these instructions, we shall first look to the issues for trial, as made by the pleadings.

The said second paragraph of answer alleges that said policy was issued upon an application in writing, said application being made a part of said answer. In said application, we find that the insured, in answer as to the then present condition of her health, answered "good"; that, in answer to the question as to whether she had ever suffered from "consumption," "spitting of blood," and other mentioned ailments, she answered, "no, none." It was then alleged that said insured was not in good health at the time she made and signed said application, but was, in fact, afflicted with a disease and disorder which tended to shorten her life, to wit, pulmonary tuberculosis; that said statements were material to said

risk, were false, and were fraudulently made for the purpose of procuring said insurance, and that said company had no knowledge of such falsity until after the death of the insured.

The third paragraph set forth a provision of said policy that it should not be effective unless, at the time same was issued and delivered, the assured should be in "sound health," and alleged that at such time the said insured was not in sound health. This paragraph also alleged a tender of all moneys received on said policy, the refusal to accept the same by the appellee, and that said moneys had been paid to the clerk for the use of the appellee. (See reply above.)

The questions thus submitted to the jury, under these answers and the replies thereto, were: Were the answers made by the insured in her said application true or false, and if false, were they knowingly so made, or were they made on honest belief that they, as made, were true; and, secondly, Was the insured in sound health at the time of the execution and delivery of said policy? The pleadings presented no question of estoppel.

From the record, it appears that the application for insurance was made March 2, 1927; that the policy was dated March 7, 1927, and was delivered some days later; that the insured died April 14, 1927; that the attending physician made a certificate as to the death of said insured, which certificate was forwarded to appellant on "proof of death," in which he stated that the *immediate* cause of death was tuberculosis and contributing cause was pneumonia, and, in which certificate so furnished to company as proof of death, he also stated: "Duration of illness about two months from history of case obtained from family."

Instruction No. 17, above set out, was based upon an assumption of facts which were entirely without the is-

sues, embraced the element of estoppel, a matter not in issue, and could only tend to confuse and mislead the jury by calling their attention to facts not within the issues, and the same should not have been given. Instructions Nos. 8, 13, 15, 18 and 19, each instruct the jury as to matters which, in law, would constitute an estoppel. In this, they were without the issues and should not have been given.

Instruction No. 24 was mandatory. It covered only the facts put in issue by the second paragraph of answer and the reply thereto, entirely omitting the issue as to the good health of said deceased at the time said policy was delivered, as raised by appellant's third paragraph of answer.

Other alleged errors do not require any extended discussion; they will probably not arise upon another trial.

Judgment reversed, with instructions to sustain the motion for a new trial and for further proceedings.