CITY OF UNION CITY v. FISHER.

[No. 13,996. Filed November 14, 1930.]

*E. M. Dunn, F. S. Caldwell* and *Russell E. Wise,* for appellant.

*Wesley O. Smith* and *George H. Ward,* for appellee.

NEAL, C. J.—The appellee, husband of Maytie J. Fisher, by his complaint in two paragraphs alleged, in substance, the following facts:    That on July 14, 1927, the appellant city through its employees had been engaged in making certain repairs to the surface of Oak Street, a public street in appellant city; that in making the repairs the servants of appellant had excavated and removed the surface of that portion of Oak Street required to be repaired and had deposited the debris therefrom on either side of the portion of the street under repair in two parallel piles about eight feet apart; that the piles of debris were about 18 to 20 inches above the surface of the street and extended from the curb on the north side of Oak Street southward across the street about 21 feet to a point 14 feet distant from the south curb of the street; that the debris consisted of broken chunks of cement, concrete, brick and other substances; that they formed a heavy, solid and impassable barrier to the use of travel and traffic of those traveling in motor vehicles over and along the north side of the mentioned portion of Oak Street; that the city had notice and knowledge of the condition of that portion of Oak Street; that on the named date, at night, appellee, with his wife by his side in the front seat of a Ford touring car, drove his car on the

right hand or north side of the street westward at a lawful rate of speed and in a careful and prudent manner; that neither appellee nor his wife had any notice or knowledge of the obstruction in the street heretofore described; that the appellant city negligently and carelessly failed to put out any warning lights or barricades to give notice and warning to the traveling public using the street; that appellee ran into and against the pile of debris, striking the same with such force that appellee and his wife were severely injured; that appellee was compelled to pay out and obligate himself for a large sum of money, to wit: $1,000 for medical services, nursing and care of his wife during the time she was recovering from her injuries received in the manner as above set forth; that he asks judgment for the above-named sum and all proper relief.

Appellant city answered by general denial. The jury returned a verdict of $500 in favor of appellee, and the court rendered judgment on the verdict. The motion for a new trial was overruled and an exception taken thereto, and the overruling of such motion is assigned as error in this court. Several causes or reasons for a new trial are mentioned therein, but appellant presents only the alleged errors in the giving of instruction No. 4 by the court on its motion and the exclusion of certain items of evidence.

Instruction No. 4 instructed the jury as to what constituted negligence; that negligence is never presumed but must be established by one so charging negligence; that, in order for plaintiff to recover, he must establish by a preponderance of the evidence that the defendant was guilty of some one or more of the acts of negligence charged in his complaint and that such negligence was the proximate cause of the injuries sued for; that contributory negligence is the negligence upon the part of the plaintiff which in some way contributes to cause or produce the injuries sued for; that if the jury believed

from a preponderance of the evidence that the defendant was negligent in the manner and form charged in the complaint and that such negligence was the proximate cause of the plaintiff's injuries, then the plaintiff would be entitled to a verdict unless the jury further believe from the evidence and a preponderance thereof that the plaintiff was himself guilty of some act of negligence contributing to cause the injuries sued for, and that all of the evidence adduced at the trial would be available to the defendant for that purpose.

Appellant says that the court erroneously defined contributory negligence as applied to this case because it is limited to the contributory negligence of the plaintiff, excluding any negligence of which the wife may have been guilty; that the question of Mrs. Fisher's contributory negligence was an issuable fact to which evidence was directed; that the instruction was mandatory in form, and such an instruction must embrace all the facts and conditions essential to the verdict conditionally directed; that if an essential fact is omitted, such omission cannot be supplied by another instruction.

It is the law that, where a mandatory instruction is given, which instruction omits some essential element of recovery and which omitted element is a controverted question of fact, such error can only be cured by the withdrawal of the instruction so given. *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 116 N. E. 837; *Prudential Ins. Co.* v. *Smith, Admr.* (1929), 90 Ind. App. 355, 168 N. E. 864; *Covert* v. *Boicourt* (1929), 168 N. E. (Ind. App.) 198, and authorities there cited.

If we concede, without deciding, that the wife's contributory negligence would defeat the appellee's cause of action in this case, we must look to the evidence to determine if the wife's contributory negligence was a controverted question of fact.

The evidence discloses, without contradiction, that the excavation was made in Oak Street and the debris was piled therein as alleged in the complaint; that all of the work was done by the employees of appellant; that the city, by and through its employees, had knowledge of the condition of the street; that appellee was driving his automobile and his wife was seated therein on his right; that he struck the debris with such force that his wife was severely injured; and that the accident happened in the nighttime about 9 o'clock. It further appears from the evidence that many witnesses testified that the lantern which was placed on the pile of debris was not burning at or shortly prior to the time of the accident; that, if it had been lighted, it would have given forth red rays of light; that no attempt was made by the city employees to warn the traveling public using the street of the danger involved except by placing a lantern on or near the pile of debris. Other witnesses testified the lantern was burning at or near the time of the accident.

We agree with appellant in its statement as follows: "There was no controversy respecting the existence and nature of the obstruction. The real controversy was the existence or non-existence of the red light."

Mrs. Fisher, wife of appellee, testified that she and her husband drove west on Oak Street at a speed of 15 miles per hour, the husband at the wheel; that it was a dark, dreary evening; that the Ford did not give much light; that she was watching ahead to see any cars that might be parked on the north side of the street; that she was watching ahead and did not see any light, and observed the obstruction when close to the same, and said "look out." This was all the evidence bearing on her actions and what she said immediately prior to and at the time of the accident, except as to her injuries.

In this case, the jury, by its general verdict, found

that the material allegations of the complaint were true, and that there was no light or barricade to warn the appellee of the obstruction in the street. *Indianapolis Traction, etc., Co.* v. *Klentschy* (1907), 167 Ind. 598, 79 N. E. 908, 10 Ann. Cas. 869.

We are unable to perceive that the evidence in any manner justifies a reasonable inference that the wife was guilty of contributory negligence. The instruction fully covered the issuable facts, and, as there was no evidence of the wife's contributory negligence, it was not error to omit such element. *Milhollin* v. *Adams* (1917), 66 Ind. App. 376, 115 N. E. 803.

We are further strengthened in our opinion that the wife's contributory negligence was not a controverted question of fact, for, when we examine the instructions tendered to the court by appellant, three in number, all of which were given by the court, we find that the first two charged the jury that it was the duty of appellee to keep a reasonable lookout ahead to detect the presence of any obstructions in the street; that if he failed to do so, and, as a proximate result thereof, he ran his automobile into such obstruction, causing the injuries sued for, plaintiff was guilty of contributory negligence; that it was appellee's duty to proceed at a speed not greater than was reasonably safe for himself and others lawfully using the street; that, if he failed to do so and such excessive speed was a proximate cause of his automobile coming into contact with the obstruction in the street, thereby causing the injuries, the plaintiff was not entitled to recover. Not one word in either of the instructions as to what facts or circumstances, if proved, constituted contributory negligence on the part of the wife or that such negligence constituted a defense. Instruction No. 3 was directed only to the duty devolved upon the appellant by virtue of the obstructions in the street.

It is a familiar rule of law that, where the parties have adopted a theory in the trial court and the case has been tried upon that theory, it must be adhered to upon appeal. This case was tried upon the theory of the negligence of appellant and the contributory negligence of appellee. This judgment ought not to be reversed because the court instructed the jury in accordance with the theory adopted and acted upon below with the concurrence of both parties. *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718.

We are of the opinion that the evidence excluded and of which appellant complains presents no reversible error. Suffice it to say that the offered evidence was only a repetition of a conversation between husband and wife, which conversation had been previously testified to by the husband without objection.

Judgment affirmed.

Nichols, J., not participating.